```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

LORETTA WRIGHT,                       *

    Plaintiff,                        *

vs.                                   *
                                              CASE NO. 4:16-CV-87 (CDL)
BANK OF AMERICA, N.A.                 *

    Defendant.                        *

_____

## O R D E R

Pro se Plaintiff Loretta Wright summarily asserts that Defendant Bank of America, N.A. (1) used a contract of adhesion to deprive her of home ownership and (2) wrongfully deprived Wright of an opportunity to cure a delinquency on her loan. Compl. § III, ECF No. 1.  It is not clear from the Complaint what claims Wright is attempting to assert.  And Wright did not allege any facts to support her claims, such as facts regarding her contract with the Bank, her delinquency on the loan, her efforts to cure the delinquency, or how the Bank deprived her of home ownership.

The Bank filed a motion to dismiss Wright's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  The Bank correctly asserts that Wright failed to articulate a short and plain statement of her claims as required under Federal Rule of Civil Procedure 8(a)(2).  The Bank also

correctly asserts that Wright's complaint does not contain "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Wright contends that she does not need to allege specific facts in her Complaint.  She is wrong.  While "detailed factual allegations" are not required, Wright must explain the grounds of her entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Here, Wright's Complaint simply does not include sufficient factual allegations "to raise a right to relief above the speculative level," and it does not give the Bank fair notice of what her claims are or the grounds on which they rest.  *Twombly*, 550 U.S. at 555.

In her response to the Bank's motion to dismiss, Wright argues that the Bank should have filed a motion for more definite statement under Federal Rule of Civil Procedure 12(e). Such a motion is appropriate when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  Wright's Complaint certainly suffers from these shortcomings.  Given Wright's pro se status and previous admonitions from the Court of Appeals that pro se litigants under similar circumstances should be given one

2

opportunity to amend their complaint to cure deficiencies, the Court construes the Bank's motion to dismiss (ECF No. 20) as a motion for more definite statement, which is granted.

The Court orders Wright to file an amended complaint that sets forth exactly what claims Wright is pursuing against the Bank, along with basic factual allegations that support each claim.  The amended complaint must be filed by January 27, 2017.  There will be no extensions of this deadline; if Wright does not file her amended complaint by January 27, 2017, this action will be dismissed for failure to prosecute and/or failure of her complaint to state a claim.  Defendant will have the right to file a new motion to dismiss any amended complaint filed by Wright if it concludes that the amended complaint likewise should be dismissed.

IT IS SO ORDERED, this 5th day of January, 2017.

                                        s/Clay D. Land
                                        CLAY D. LAND
                                        CHIEF U.S. DISTRICT COURT JUDGE
                                        MIDDLE DISTRICT OF GEORGIA